No. 9818.
Orleans

WM. A. PEEL, AUDITOR, v. VIOLA ST. ANN AND OMER VILLAC ET AL.

(January 4, 1926.   Opinion and Decree.)
(January 18, 1926.   Rehearing Refused.)

(Syllabus by the Court.)

1. Louisiana Digest—Sales—Par. 287, 295. The vendor of an automobile can be condemned to pay to his evicted vendee only the actual loss in money which the eviction has caused him, and not the original price of the automobile.

Appeal from Civil District Court, Hon. Wm. A. Byrnes, Jr., Judge.

This is a suit in which the purchaser of an automobile who had been evicted obtained a judgment which he attempted to· execute against his warrantor. The warrantor enjoined the execution of the judgment, but the injunction was dissolved by the lower court. The warrantor appealed. Judgment reversed.

Delvaille H. Theard of New Orleans, attorney for plaintiff, appellant.

M. C. Scharff of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.   This is a call in warranty by a vendee against his vendor.

The facts of this case are fully detailed in the judgment No. 8219 of this Court. They are as follows:

Viola St. Ann sold an automobile to Omer Villac; Villac sold the same to Dudley Duplantier for $800 cash.

Peel, administrator, brought suit against Viola St. Ann and Dudley Duplantier to recover the ownership of said automobile.

Duplantier called Omer Villac in warranty. In the suit, No. 8219 of this Court, there was judgment in favor of plaintiff and condemning Omer Villac "to pay unto Dudley Duplantier the sum of $800" conditional upon the said Dudley Duplantier first restoring "the car unto plaintiff in such condition as it existed at the date of its sequestration."

Dudley Duplantier did not restore the car, but instead, by agreement between Peel and himself, the car was sold for $120, which was paid to Peel, and in addition Duplantier paid Peel $275, in full payment, in lieu and stead of restoring the car to its original condition as provided by the judgment.

Nevertheless, Duplantier issued against Villac an execution for $800. Villac enjoined the execution on the ground that Duplantier did not pay $800 nor spend any amount whatever in restoration.

There was judgment in favor of Dudley Duplantier dissolving the injunction. Villac has appealed.

We take a different view of this case from that of the District Judge. Duplantier has not returned to Peel a car of the value of $800 at the time of the judgment against him. He had bonded the sequestration and had used and enjoyed the car for over three years, and its value had been diminished by so much wear and tear. Its market value at that time was fixed by the price of its sale at $120. That determined the amount of Duplantier's loss as far as the car was concerned.

The parties realized the impossibility of restoring the car to its pristine condition, and in order to avoid haggling over the question of how far Duplantier had complied with the judgment, the plaintiff accepted from Duplantier $275 in full satisfaction of the judgment requiring restoration. That sum represented the amount in money which Duplantier might have paid for restoration, and the amount of his loss in money. The two items of $120 and $275 represented Duplantier's entire loss.

The sum total of Villac's obligation, as vendor, was to imdemnify Duplantier for any loss he might suffer from eviction. That sum has been fixed by him at $395. To allow him to recover $800 from Villac would be giving him the enjoyment of the car for three years without consideration, and thus to recognize his right to enrich himself at the expense of Villac. C. C. 2508.

To give him a judgment against Villac for $395 secures reimbursement of his real loss and makes him pay only $405 for the use of the car for three years.

To condemn Villac to pay Duplantier only $395 reduces his warranty by $405. He has no cause to complain, as Duplantier has acted as his agent to minimize his loss.

It is therefore ordered that the judgment appealed from be reversed and set aside; and it is now ordered that the writ of fieri facias herein issued be reduced to three hundred and ninety-five dollars, and, as thus reduced, that the Civil Sheriff be authorized to proceed with the execution thereof to the extent of three hundred and ninety-five dollars and costs.

The costs of both Courts to be paid by Omer Villac.